IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Michael D. Jackson, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 4:19-cv-0179-TMC |
| v. ) | |
| ) | **ORDER** |
| Warden Lee Correctional Institution, ) | |
| ) | |
| Respondent. ) | |

Petitioner is a state prisoner who seeks relief under 28 U.S.C. § 2254. Petitioner, proceeding *pro se*, filed this Petition for writ of habeas corpus on January 22, 2019. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. On August 19, 2019, Respondent filed a motion for summary judgment. (ECF No. 34). The court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (ECF No. 35). Petitioner did not respond to the motion. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the Petitioner's case be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) because of Petitioner's failure to prosecute. (ECF No. 38). Petitioner was advised of his right to object to the Report. (ECF No. 38-1). However, Petitioner filed no objections, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a

timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 38), which is incorporated herein by reference. The court finds that sanctions less drastic than dismissal would not be effective in this case because Petitioner has already ignored numerous court Orders and deadlines at this point. Accordingly, this case is **DISMISSED *with prejudice*** for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that this constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
October 22, 2019